Junius N. Friend et al.

v.

Corine Harvey et al.

May 27, 1997

Case No. HH-1355-3

BY JUDGE T. J. MARKOW

This case is before the Court on a demurrer to Counts I and IV of the Bill of Complaint, as well as a Motion for Protective Order. The Court has considered the authorities and arguments and renders the following opinion.

Petitioners are members of the First Baptist Church of South Richmond. They have brought this suit against the members of the Board of Trustees of the Church out of a stated concern with respect to the church's business and financial affairs. Count I of the Bill of Complaint requests an accounting be made by the Board to the church membership. Count II seeks an injunction to prevent the Board from excluding the Petitioners from church membership. Count III seeks a decree requiring the Board to act upon a proposed Church Constitutional Amendment made by Petitioners in accordance with the procedures for doing so outlined in the Church's Constitution. Finally, Count IV requests that the Court enter an order requiring Respondents to show cause why an accounting, such as the one requested in Count I, should not be made annually and why the Board of Trustees should not take on the sole responsibility for the financial affairs of the church, being answerable only to the membership.

Respondents have demurred to Counts I and IV, arguing that neither Count states a cause of action under Virginia law or states facts upon which the relief sought may be granted. Respondents also seek a Protective Order with respect to a request accompanying two deposition notices propounded by Petitioners. That notice requested that the deponents bring with them computer records and

paper work which in any way relates to the church's financial and business transactions. Respondents challenge this request claiming that it is unreasonable, unduly burdensome, exceeds the scope of discovery, and is intended to harass Respondents.

The Court's role in resolving disputes involving religious congregations is limited by the constitutional guarantees of religious freedom. *Reid v. Gholson*, 229 Va. 172, 191-92, *cert. denied*, 474 U.S. 824 (1985). The Court must exercise "great restraint" in adjudicating disputes involving religious organizations. *Id.* at 192. The threshold inquiry for the Court is whether its attempt to resolve the dispute will inject the Court into a "religious thicket." *Id.* at 187 (citing *Serbian Eastern Orthodox Diocese, etc. v. Milivojevich*, 426 U.S. 696, 719 (1976)).

This is not to say that a court can never resolve such a dispute. In fact, Petitioners rely on a Section of the Virginia Code, as well as general equitable principles to support its requests. The code section in question reads:

> Any one or more members of any church diocese or religious congregation may, in his or their names, on behalf of such church diocese or congregation, commence and prosecute a suit in equity against any such trustee to compel him to apply such real or personal estate for the use or benefit of the church diocese or congregation, as his duty shall require.

Va. Code § 57-13. In addition to this section of the Virginia Code, the Petitioners also cite to Va. Code § 8.01-31, which provides for an accounting in cases involving fiduciaries. Petitioners also point to the Court's general equitable powers arguing that they should be applied when the members of the church have been aggrieved by the conduct of those entrusted with the guidance and management of the church's temporal affairs.

The Court finds that Petitioners, in Count I, have not stated sufficient facts upon which the relief sought could be granted. No matter on which of the Petitioner's theories the Court relies, without knowing specifically what has aggrieved the Petitioners, the Court cannot be sure that it is not going to be thrust into the "religious thicket." It is not enough to say, as Petitioner's do, that they have conducted an investigation and have found that church property was not being applied to appropriate purposes and uses. Before the Court can intervene under § 57-13, it must know what property is involved and in what way was it misapplied. For this reason, the Court will sustain the demurrer to Count I of the Bill of Complaint. Petitioners shall have leave to amend.

Count IV suffers from the same flaw as Count I. Before the Court will require an accounting, either this year or in each subsequent year, specific facts must be alleged. As stated above, the Court should tread lightly in such matters and a case such as this is not properly pleaded until the Court can tell from the pleadings that it will not be called upon to decide a dispute concerning religious or doctrinal matters.

Count IV has another flaw. In essence, this request by Petitioners seeks to have the Court write new constitutional provisions or operating by-laws for the church. This is not the function of the Court, and there is authority for the proposition that to do so would violate the constitutional protections afforded to religious organizations. *Reid*, 229 Va. at 189. The Court cannot over-step its bounds. If a church duly enacts its operating rules and constitutional provisions, the Court cannot be used by a minority faction to impose its will upon the majority. If the Petitioners seek to make this change in the church's procedures, they must do so through the appropriate channels within the church. For these reasons, the demurrer to Count IV is sustained.

As for the protective order, the Court will not address the matter at this time. Respondents have moved the Court to limit the discovery to the pleadings, and, until Petitioners amend their pleadings, the Court cannot determine the proper scope. Therefore, this matter shall be deferred until the parties are at issue on any amended pleadings. Until there is a ruling, the discovery complained of is stayed.